## PORTER v. WOODWARD.

### Civ. No. 3245.

District Court, D. Oregon.
Oct. 4, 1946.

Francis E. Harrington, Cecelia P. Gallagher, Sylvanus Smith and Victor E. Harr, Asst. U. S. Atty., all of Portland, Or., for plaintiff.

B. G. Skulason, of Portland, Or., for defendant.

LEAVY, District Judge.

This matter came on to be heard on the 1st day of October, 1946, upon an Order to Show Cause, plaintiff appearing by Cecelia P. Gallagher, of his counsel, and defendant appearing by B. G. Skulason, of counsel, and the Court having heard arguments of counsel, and evidence on behalf of plaintiff and defendant having been adduced, now therefore, the Court makes and enters the following

## Findings of Fact

1. Plaintiff is and at all times since the commencement of this action has been the duly qualified and acting Administrator of the Office of Price Administration.

2. At all times since December 29, 1945, there has been and now is in effect Third Revised Ration Order No. 3, as amended (hereinafter referred to as Ration Order No. 3) directing and controlling the use and transfer of sugar.

3. At all times since April 15, 1943, there has been and now is in effect General Ration Order No. 8, which provides for prohibitions, penalties and conditions which apply to all ration orders.

4. Defendant was and is an industrial provisional allowance user of sugar as defined by Ration Order 3, and now has and at all times mentioned has had an industrial user establishment at 401 Northwest 13th Avenue, Portland, Oregon.

5. Defendant on the dates of June 11, 1946, and June 21, 1946, applied for and received sugar allowances amounting to 53,-500 pounds, for use in preserving strawberries, raspberries, boysenberries and blackberries. Defendant on July 15, 1946, reported to the Office of Price Administration that he had used 29,000 pounds of sugar for freezing strawberries and raspberries, and that he had on hand for freezing blackberries and boysenberries, 24,000 pounds of sugar. Defendant did not account for 500 pounds of the 35,000 pounds issued to him.

6. On July 22, 1946, defendant applied for and received an additional 38,000 pounds of sugar for the purpose of freezing loganberries, apricots and peaches.

7. Defendant has failed and refused to report to the Office of Price Administration as is required by Section 19.3(e) of Ration Order 3, the use he made of 62,500 pounds of sugar issued to him.

8. Defendant has not used 62,500 pounds of sugar which was granted to him for freezing fruits and berries.

9. Defendant has at no time been issued any sugar for any purpose other than for freezing fruits and berries, and particularly defendant has at no time been issued any sugar for making syrup.

10. Defendant has at all times refused, and at the time of trial still refuses to allow any inspection by duly authorized agents of the Office of Price Administration of any of his books, records, inventory of sugar, or any documentary or physical evidence which examination has been demanded by plaintiff orally and by way of subpoena duces tecum duly issued and served upon defendant for the purpose of verifying reports from defendant and for the purposes of an investigation pursuant to Title III, Section 2(a) (3), of the Second War Powers Act, 50 U.S.C.A.Appendix, § 633. Defendant has refused at all times to allow agents of the Office of Price Administration to make inspection of any records for any purpose.

11. On August 28, 1946, the Honorable James A. Fee entered in this Cause a temporary restraining order, restraining the defendant and his agents, servants, em-

ployees and any and all persons acting in concert or participation with him from destroying, changing or concealing any records or other documentary evidence which he then had relating to the use, transfer or purchase of sugar; and from destroying, changing or concealing any records or other documentary evidence he then had concerning any purchases or sales of syrup; and from concealing, selling or otherwise transferring or disposing of any product produced at defendant's industrial user establishment in the production of which sugar was added at said establishment by the defendant and for which use the defendant did not have a sugar allowance.

## Conclusions of Law

1. This Court has jurisdiction of the subject matter of this action and of the person of the defendant herein.

2. Defendant has violated Title III of the Second War Powers Act and Ration Order No. 3 and Ration Order No. 8.

3. Plaintiff is entitled to a final injunction enjoining and directing the defendant, its agents, officers, servants and employees and all other persons in active concert or participation with defendant:

(a) Forthwith to allow the inspection by duly authorized agents of the Office of Price Administration of any and all records the defendant may have pertaining to the purchase, receipt, acquisition, use, sale, or transfer of sugar; any and all records showing the purchase and sale of syrup; defendant's production and sales records showing the production and sales of frozen fruits and berries for the purpose of verifying the reported use of sugar in freezing berries and fruits; the physical inventory of sugar on the premises of the defendant's industrial user establishment for the purpose of ascertaining the amount if any, of sugar or syrup on hand.

(b) To make and keep the records required by Third Revised Ration Order No. 3 to be made and kept.

(c) From using, buying, selling and otherwise transferring any sugar in its industrial user establishment or in any other establishment or place unless and until the defendant has complied with the record keeping and reporting requirements of the Second War Powers Act and of said Ration Order No. 3, and with the provisions of the judgment herein.